Good morning. We have three cases for oral argument this morning. Four have been submitted on briefs. We will hear argument first in United States v. Whitmore. Counsel, you may proceed. Good morning, Your Honors. Todd Burns on behalf of Mr. Whitmore. My hope is to save two minutes of rebuttal. When this case was remanded, Mr. Whitmore's case was remanded in 1994 following his direct acquittal, and that was to vacate count 37. There was another thing that the District Court conditionally had to do, and that was to vacate count 1 if counts 1 and 44 survived collateral challenge. At the remand hearing a few months later, it's not clear what happened because we don't have a transcript, but it appears that what happened is the District Court decided to hold off on dealing with both of those issues until a collateral challenge was complete, because that's what it did. And it came back to the resentencing issue in 1998. In 1994, I noticed that the District Court ordered count 37 vacated, but then determined that resentencing was not required. Is that accurate? I believe that that happened in 1998 with respect to count 2. The minute order that the government produced in its supplemental excerpt of record indicates that the necessary pursuant to the mandate of the Ninth Circuit Court of Appeals. And the court came back to the issue in February 1998 and said, you know... And the same thing, orders count 1 vacated, but states that resentencing is not required. That's correct. He states, the judge states that he believes resentencing is not required. In light of the life sentence. Exactly. Now at that point in time, Mr. Whitmore was entitled to raise any new sentencing arguments that he deemed fit to raise. Rule 35 allowed that. This court's opinion, Caterino, makes that clear. He didn't have counsel at that time. He also wasn't given notice that the District Court was going to consider resentencing or any opportunity to be heard. And he wasn't told that after the District Court did this, you know... I thought he was represented by counsel. Not at that point in time either. When didn't he have counsel? In 1998. Now let's keep on going. May 29th, the District Court enters an amended judgment correcting the clerical error. And then June 5th or 6th, it's a little unclear from the record, the District Court corrected count 1, vacated count 1 in the judgment. It didn't get around to 37 until actually a 2015 is when the District Court got rid of count 37. But the focus of my argument here is 1998, when the District Court decided resentencing was not necessary. At that point, Mr. Whitmore was not given notice or an opportunity to be heard and he didn't have counsel. And those are structural errors that require automatic reversal. But even if the court were to say that some prejudice must be shown, there is prejudice here, glaring prejudice. If he had had counsel at that time, an the government, in achieving this life mandatory sentence, aggregated drug quantity over several violations when instead it had to show the 1,500 grams of crack cocaine was reached in one violation. Counsel, help me as we go along here. It was May 29th, June 5th, and then the notice of appeal was filed on June 19th, 2014. I see 1, 2, 3, 4 District Court orders entered after June 19th, 2014. Did the District Court of Jurisdiction to do that? The first one was July 8th, entering the amended judgment, implementing the June 5th order. That might have been strictly ministerial. But on August 7th, the court granted in part the Rule 35 motion. Well, the District Court was dealing with a series of issues, not all related, although the upshot of them is... But the question is, did it have jurisdiction? It certainly had jurisdiction to enter the new judgment on, I believe it was July 7th, because that was entering a judgment consistent with the order it entered on June 5th. I mean, Rule 4 foresees that. It says, look, the time to file a notice of appeal runs from when the written judgment is filed. But if you file it before then, that's okay. You're timely. You know, you haven't jumped the gun. It's considered timely. Now, there's another appeal stayed pending this, right? There is. And so... But the problem again, that panel is going to have the same question. Did the District Court of Jurisdiction enter these orders on August 7th, July 9th, and this appeal that we're now discussing was pending in this court? And it may well not have, but I don't think that affects this appeal, because this appeal was based on... The notice appeal was based on what the District Court did on June 5th or 6th. And there was a notice... The order entered on June 5th or 6th. There was a notice of appeal filed on that on June 19th, and then the judgment related to that order was filed in early July. So I don't think there's any question here with respect to whether or not the District Court had jurisdiction. There may well be in that other appeal. But the central point here is that there's structural error in 1998, and it's not just structural error. It's error that really matters. If he had an attorney at that time, the attorney may well have raised this non-aggregation issue, and this non-aggregation issue is a winner. I mean, there are two claims that arise out of it. One is the government proceeded on an invalid theory, and the other is that there was insufficient evidence to provide a life sentence. The government has no answer to the invalid theory. It tacitly admits it proceeded on an invalid theory and doesn't say why that alone wouldn't lead to reversal. It focuses on the sufficiency claim, and it says, well, we could have relied on count one, the conspiracy, for the sufficiency claim. But there are numerous problems with that pointed out in the brief, not least of which the count one, the conspiracy doesn't allege one conspiracy, and that was a central claim in the first appeal. If we don't agree with you on that argument, what do we have to find for you to prevail? If the court doesn't agree on either the structural argument or on the aggregation. Well, there's also the issue with respect to the attempts being a violation of double jeopardy under the court's Housley opinion. Okay, but didn't he waive those? Well, they weren't raised in 1998 when they could have been raised, because he didn't have counsel. I mean, it seems to me that's the core of why you have structural error if you don't have counsel, because you don't know what counsel might have raised. But I pointed out some pretty compelling issues that counsel might well have raised. If counsel had been there in 1998, when counsel should have been at the point of this court's mandate. Counsel, what is your position on the status of count 37? Well, the court didn't, the district court didn't get around to vacating that until July of 2015. So, but if we conclude that the district court did not have jurisdiction to do that because this petition was, this, this appeal was pending, then what? Well, then presumably Mr. Whitmore would have to go back to the district court and ask it to vacate that count again. There's no doubt, but that it should be vacated pursuant to this court's mandate. The, the question as to whether or not the district court could have done that in 2015 or should have waited until this appeal is decided is another one. And if we do that, does your client then get a chance for a resentencing hearing? Well, perhaps, although considering that the district court didn't previously hold a resentencing hearing, if the court chooses to take that approach, I, I think Mr. Whitmore sure would appreciate it if the court makes clear the district court should hold a resentencing hearing and allow Mr. Whitmore to be represented and to make any arguments. I'm sure it would be nice, but what would be the theory upon which we would order that? Because it would be a resentencing pursuant to this court's 1994 mandate. Okay. It would be based on 94. Yes. Very well, I know you want to reserve some time, counsel, that's fine. Thank you. We'll hear from the government. May it please the court, Rosalyn Wang for the United States. First of all, to respond to the 1998 resentencing argument that he should have gotten notice in counsel. Structural error applies in a situation where there's actually a resentencing hearing or a sentencing hearing. There wasn't a sentencing hearing in 1998. Those, those cases apply when a defendant is not allowed to do an allocution at sentencing or he's not, or his counsel isn't present at his sentencing. This was not a sentencing hearing. Can you keep your voice up a little? Yes. Sorry, Your Honor. This was not a sentencing hearing. This was an order in which the district court said that resentencing was not required. And defendant has... Did he have counsel or not? He did not have counsel in the 1998, but he had counsel during that 1994 hearing, during which all of the parties agreed that resentencing was not required. So the government is saying that he waived it, not just because of what was said at that 1994, what was done at that 1994 hearing, but what was not done after the 1998 order came out. So... Counsel? Yes, Your Honor. Who was, who was his counsel? It was as the, the Charles... I'm sorry, I can't get the name. It was Charles Gretsch on behalf of Maureen Kalings. So it was not his regular attorney, the attorney who had represented him? It didn't, no, it did not He seems to, that he, you know, that he might have had some double jeopardy claims that he could have made legitimately, but doesn't. But if he doesn't have counsel, I mean, we hardly understand double jeopardy when, in certain instances, how's he supposed to do that? Well, the double jeopardy claim could have been raised during his first appeal. I mean, he, he raised a double jeopardy claim almost identical to that one during his first appeal, the one about count one, the drug conspiracy count versus count 44. So, again, there's, there's no reason he could have, couldn't have raised that on direct appeal. And he doesn't raise it on habeas. And then after the 1998 order comes out, he files something, probably along the lines of nine motions, asking for his sentence to be corrected. And in none of those motions is there any mention of double jeopardy, of What is your view of when this judgment was final? The, with regards to the count one being vacated? Well, in terms of why, you know, what's, what's your best argument that he has, that there's a lot of things that happened here. Right. And I think Judge Scanlon asked, did the district court even have jurisdiction to do some of those things? But there's a lot of things that are going on that, what, why is he not eligible to, I mean, he's got a life sentence without possibility of parole, right? Right. And if he had, would there have been anything that he could have done that ever could have made him eligible to get resentencing? I think the first thing that he should have done is asked for a resentencing hearing, which he didn't do. And I think in response to that question, I would say the 1998 order in which it vacates count one. If he had asked for that, so that would have been, that would have been the linchpin for him to be eligible for some sort of resentencing now. That certainly would have at least raised the issue. So in 1994, he agreed that no resentencing, but in 1998, what does the record show? In 1998, the district court's order simply just comes out. And it just says... There was no agreement or consent on the record? Right. There's, there's nothing to indicate that defendant filed a response afterwards saying no, that decision is in his court. Counsel, I'd like to know the government's position on these subsequent matters. Let's just forget about July 8th, 2014. That looks like it's ministerial, but August 7th, 2014, July 9th, 2015, July 14th, 2015, all of these orders that were issued after the notice of appeal was filed in this court, are they valid? Did the district court have jurisdiction? I mean, I can't, I don't know the answer to that without doing more research, Your Honor. I understand that generally once you do file a notice of appeal, the district court does lose jurisdiction. Like 100% of the time? So if that's true, then what would have to happen here? Does that require a remand? Well, I think those are the issues that can be dealt with at the next appeal. I don't think that really comes up during this appeal. The government actually asked that that appeal be stayed so that these issues could be resolved first. Well you still have the question of Rule 30, or rather Count 37. What's the government's position on what is the status of Count 37 in terms of its being amended, in terms of the judgment being amended? That the judgment hasn't been amended yet. Notwithstanding the fact that it was indeed amended on July 14th, 2015? No, I mean, obviously the district court did issue an amended judgment. I think the court did. Is your question, again, whether or not there was jurisdiction to enter that order? It may be another way of getting at the same point, but the question is, what is the government's position about whether or not a valid judgment has been entered pursuant to the earlier Ninth Circuit decision holding that Count 37 was amended? It should be vacated. I mean, I think when the district court enters a judgment like that, again, it's simply a ministerial action. It's something that this court has already ordered. That's the only way you can get around jurisdiction then, right? If it's not ministerial and the court didn't have jurisdiction, then does that mean it has to be remanded? It's curious the government is taking that position because our order was in 1994 and the district court, apparently, didn't get around to following that order until June 5th of 2014. Well, why don't we just sort of see where that leads us? Anything further, counsel? Not unless the court has something. I have a question, and this is not entirely, it's just, it's sort of a curious question, but I mean, obviously he wants, you know, he wants to get out of life without possibility of parole, and he wants some of the benefits of what has happened after. So if he were to be eligible for that, what would his guideline range be under, if he's eligible for resentencing? Under the Fair Sentencing Act? Yes. I think his range under the CCE count would be 20 years to life. So he'd have a minimum of 20? It'd be a minimum of 20 years. But he's already served. Right. He's, what he, what went in, he started at the age of 26 in 1991, and he's been in, what, 25 years now? Yes, Your Honor. Okay. Is there, so he wouldn't necessarily get out, but he would be eligible at some point to get out? Presumably yes. Oh, and also there's a plus five for the 924C count, so there's another consecutive five years on top of that. Oh, he'd be probably at least at 25, and to life? Yes, Your Honor. Okay. Counsel? Yes, Your Honor. Were you the attorney who tried this case? No, Your Honor. It was in 1990. So you were in about what, third grade or something, or were you born? Oh, yeah, that's right. That's right. Yeah. Sorry. Is the, does the record reflect that the attorney who represented Whitmore at the resentencing was also the same attorney who represented his co-defendant? Miller? I don't know if, are you referring to the 1994 hearing? Yes, the 1994 hearing. The attorney who stood in for his regular attorney. Right. Did he also represent his co-defendant, Miller? I mean, it appears, yes, it was probably a stand-in attorney at the time. But does the record reflect that the stand-in attorney was also the attorney for Mr. Whitmore's co-defendant? I don't know, but I believe defendant's reply brief indicates as such. But, of course, that wasn't actually a resentencing hearing. It was just a hearing to spread the mandate. Yeah, the hearing at which resentencing, it's now being argued that there should have been a resentencing at that hearing. The court did say that no resentencing was necessary, so that was an issue at least in the court's mind. I think that was discussed at that time, but, of course, this court's decision said that if it withstands collateral attack, then one of the counts should be vacated. So it's possible that they just wanted to wait until there was a collateral attack because defendant had already indicated he was going to file a habeas petition. Thank you, Counselor. Oh, sorry. Does the record reflect that the stand-in counsel argued for resentencing for the co-defendant? We actually don't have the transcript of that, Your Honor. So other than this one-sentence-minute order, we don't know what happened, but it appears to have been a fairly brief hearing. All right. Thank you. Perhaps we can ask your opposing counsel the same question.  You're way over time. Thank you, Your Honor. Mr. Burns, you have some reserve time. The record does reflect that, Judge Rawlinson. What it reflects, there are a lot of things it doesn't reflect, but it clearly reflects that Mr. Gretsch was appointed to represent co-defendant Emmett Miller on the same day that this 1994 spread the mandate hearing occurred. I'd just like to make clear that my position isn't necessarily that the resentencing should have happened in 1994. I think it was reasonable for the district court to say, well, I've got one not loose end and one loose end, and let's wait and see what happens with the 2255 and deal with it. In any event, your client agreed. Well, someone agreed, maybe Charles Gretsch. But at any rate, the district court clearly came back to the issue in 1998 at a time that Mr. Whitmore didn't have counsel. And to say that, as government counsel started out saying, well, that's not a problem because this structural error of not having counsel only comes into play if you have a hearing really doesn't seem to make sense to me. So you not only take away counsel, you take away the opportunity to be heard, you take away notice, and that's somehow better. No, those are actually structural errors as well. So that compounds. That doesn't alleviate the concern. And as far as 1998, government counsel said, well, he could have raised these sentencing issues with non-aggregation and double jeopardy at that time, or he could have raised those earlier. Well, that's true. But Rule 35 in Caterino from this court made clear that he's not barred from raising new issues at the resentencing on a remand. And he clearly could have raised these issues. And if he had, they are strong issues. So that's why, you know, these things are considered structural error, because we can't foresee what counsel might have done. But here, there's some pretty good indicators of what counsel might have done. I see I'm out of time. So if the court doesn't have any questions. No further questions. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Rawlinson, Callahan